IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 11, 2005

## ANTONIO JACKSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-25685     Joseph B. Dailey, Judge**

_____

**No. W2004-00328-CCA-R3-PC  - Filed March 29, 2005**

_____

The Appellant, Antonio Jackson, appeals the denial of his petition for post-conviction relief by the Shelby County Criminal Court.  On appeal, Jackson contends that he was denied the effective assistance of counsel at trial.  Specifically, he contends that his trial attorneys were ineffective by failing to pursue an alibi defense and by failing to properly investigate and prepare the case for trial. After review, we affirm the denial of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. C. MCLIN, JJ., joined.

Juni S. Ganguli, Memphis, Tennessee, Attorney for the Appellant, Antonio Jackson.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Betsy Carnesdale, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

        In 1997, the Appellant, along with six other co-defendants, was indicted for first degree premeditated murder and especially aggravated kidnapping.  The retaliation killing of the victim stemmed from a conflict between two Memphis gangs, the Gangster Disciples and the Vice Lords. Two fellow gang members, Christopher James and Jarvis Shipp, testified for the State and implicated the Appellant in the crimes.  Shipp testified that in the execution-styled murder, the victim was placed on the ground, and the Appellant shot the victim in the head with a shotgun.  Because the Appellant was charged with capital murder, two attorneys were appointed to represent him. Following a jury trial, the Appellant was convicted of facilitation of first degree murder and especially aggravated kidnapping.  As a result of these convictions, the Appellant is currently serving

an effective fifty-year sentence in the Department of Correction.  The convictions were affirmed on direct appeal.  *State v. Antonio Jackson*, 52 S.W.3d 661 (Tenn. Crim. App. 2001).

On September 21, 2001, the Appellant filed a *pro se* petition for post-conviction relief, alleging among other grounds, the ineffective assistance of counsel.  Following the appointment of counsel, an amended petition was filed.  On November 24, 2003, an evidentiary hearing was held, at which the Appellant and his two trial attorneys testified.  After taking the matter under advisement, the post-conviction court denied relief by written order on January, 27, 2004.  This timely appeal followed.

## Analysis

On appeal, the Appellant asserts that his trial attorneys were ineffective by failing to pursue an alibi defense and by failing to adequately investigate the case and prepare for trial.

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in his petition.  Tenn. Code Ann. § 40-30-110(f) (2003).  To support a Sixth Amendment claim of ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases.  *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975).  Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency.  The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding.  *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994).  This deference to the tactical decisions of trial counsel is dependant upon a showing that the decisions were made after adequate preparation.  *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact.  *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).  "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise."  *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997).  However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness.  *Fields*, 40 S.W.3d at 458.

## I.  Failure to present an alibi defense

The Appellant contends that his trial attorneys' failure to call an alibi witness constituted ineffective assistance of counsel.  He asserts that at the time the crimes were committed, he was with his girlfriend, Latoya Knox, and that she would have testified to this fact at trial.  When a petitioner claims that trial counsel failed to present a particular witness in support of his defense, the Appellant

should present that witness at the evidentiary hearing. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Because the Appellant failed to present Latoya Knox at the evidentiary hearing, we have no way of knowing whether her testimony would have supported an alibi defense. Allegations of deficient performance must be proved by clear and convincing evidence.[1]

Moreover, when questioned at the post-conviction hearing as to what Ms. Knox's testimony would have been, or what she might have said that day, the Appellant responded, "I can't say what she would have testified to. But I know she would have told him yeah, I didn't have nothing to do with what was going on." When asked this question again, the Appellant responded, "I can't say. I don't know. I don't know what her intention would have been like that day." With regard to the proof on this issue, the post-conviction court concluded that "there [was] no credible proof in the record to suggest that any alibi defense even existed. . . ." We agree. Accordingly, we find this allegation of deficient performance without merit.

## II. Failure to investigate and prepare for trial

Next, the Appellant asserts that his trial attorneys failed to adequately investigate and prepare his case for trial. Specifically, the Appellant alleges that trial counsels' performance was deficient due to the failure of his first-chair trial counsel to be present at each court date, failure to interview a principal witness for the State, failure to attend the trials of the Appellant's co-defendants, and failure to confer pre-trial with the Appellant in order to sufficiently prepare for trial. We find these allegations meritless.

First, the Appellant argues that trial counsel "was absent at several court appearances." At the post-conviction hearing, the Appellant's first-chair trial counsel testified, in total context, that the second-chair counsel "may have appeared some for me and I may not have even been there on some report dates. . . . [I]f there was nothing of significance to take place, there wouldn't be any reason . . . for both of us to be there." We know of no rule of procedure or standard of competence which requires the entire defense team to be present at every scheduled court appearance of a defendant. Moreover, the Appellant offers no suggestion as to how the presence of only one attorney at a scheduled report date had any bearing upon the jury's verdict. This allegation is without merit.

The Appellant also alleges ineffectiveness based upon trial counsels' failure to interview a State's key witness, Christopher James. James was jointly indicted for the same crimes as the Appellant. Six defendants, including the Appellant, were indicted for the murder and kidnapping of the victim. A number of the co-defendants' cases were severed for trial. Two of these trials were conducted before the Appellant's trial was held. Prior to the Appellant's trial, the co-defendant James negotiated a plea agreement with the State which resulted in him being called as a witness against the Appellant. Both of the Appellant's trial attorneys testified that after James negotiated a plea agreement, he was placed in protective custody, which made him virtually inaccessible. Nonetheless, the Appellant's trial attorneys obtained the transcripts of James' testimony from the

---

[1]The Appellant's brief misstates the burden as that of proof by a "preponderance of the evidence."

two prior trials, in addition to obtaining his pre-trial statements, and successfully used these statements to impeach him at the Appellant's trial. Christopher James was not called as a witness by the Appellant at the post-conviction hearing. For this reason, we are without any clue as to what beneficial information the Appellant's trial attorneys could have obtained by personally interviewing James, beyond that information which they had already gleaned from the trial transcripts. Accordingly, we conclude the Appellant has failed to establish either deficient performance or prejudice.

Next, in a related matter, the Appellant asserts that trial counsels' failure to attend the two prior trials of his co-defendants constitutes deficient performance. As did the post-conviction court, we find no deficiency. Trial counsels testified that they each attended portions of two of the co-defendants' trials and spoke with defense attorneys for the co-defendants. Moreover, as previously noted, the Appellant's trial attorneys obtained complete transcripts of the co-defendants' trials, which were used in successfully impeaching James in the Appellant's trial. This allegation is without merit.

Further, the Appellant asserts that his trial attorneys failed to meet with him a sufficient number of times in order to prepare for trial. The testimony of his trial attorneys refuted this allegation. Both trial attorneys testified that they met with the Appellant as many times as was needed to prepare for the case. Questions concerning the credibility of witnesses, the weight and value given to their testimony, and the factual issues raised by the evidence are to be resolved by the trial court. *Henley*, 960 S.W.2d at 578. The post-conviction court clearly accredited the testimony of the trial attorneys, and we will not reweigh or reevaluate the evidence or substitute our inferences for those drawn by the trial court. Again, the Appellant fails to suggest how many additional visits to the jail his trial attorneys should have made or what information they could have gained on the visits. This issue is without merit.

Lastly, the Appellant asserts that the cumulative effect of the trial attorneys' errors warrants a finding of ineffective assistance. Having concluded that the record supports no single finding of deficient performance, this issue is without merit. With regard to the overall performance of the Appellant's trial attorneys, the post-conviction court concluded that they:

> "were remarkably well-prepared for trial and did an outstanding job of cross-examining the State's witnesses. They had benefit of the prior testimony of the State's primary witness and were able to impeach his testimony thoroughly. They had met with their client, investigated the case, read the transcripts of the trials of codefendants that had previously been held, attended a seminar in preparation for issues relating to capital cases, and in every other regard were completely prepared to handle this case."

Moreover, we are constrained to note that although the Appellant was facing the death penalty, and, in fact, one of the co-defendants received a sentence of death, the Appellant is now serving a twenty-five-year sentence for his role in the execution-style murder, as a result of the advocacy of his trial

attorneys.  In sum, we agree with the post-conviction court's finding that the Appellant's trial attorneys were not deficient in their representation of the Appellant.

## CONCLUSION

Based upon the foregoing, we affirm the Shelby County Criminal Court's dismissal of the Appellant's petition for post-conviction relief.

_____
DAVID G. HAYES, JUDGE